**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5123**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RODRIGUEZ CHERONE SMITH,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:03-cr-00162-FDW-2)

Submitted: July 9, 2010                     Decided: July 20, 2010

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Edward R. Ryan, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodriguez Cherone Smith appeals the district court's judgment revoking his supervised release and sentencing him to nine months in prison and two years of supervised release. Smith's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court's revocation sentence is plainly unreasonable. Smith was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006),

2

the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that Smith's sentence is within the prescribed statutory range and not plainly unreasonable. At his revocation hearing, Smith admitted all four violations alleged by the probation officer. The district court properly calculated that Smith's policy statement range under U.S. Sentencing Guidelines Manual § 7B1.4(a) was five to eleven months based on Grade C violations and a criminal history category III, and the court considered the range along with applicable statutory factors in imposing its sentence. Although Smith requested a prison sentence of time served or the low end of the guideline range, and that no further supervised release term be imposed, the court reasonably determined a nine-month sentence followed by two years of supervised release was appropriate based on Smith's repeated violations and his need for rehabilitation and intense supervision.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4